UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST REDDICK GIBSON, JR.,

       Petitioner,

v.                                   Case No. 3:20-cv-783-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

---

## ORDER

### I. Status

Petitioner Ernest Reddick Gibson, Jr., a former inmate of the Florida penal system,[1] initiated this action in the Court's Orlando Division on July 6, 2020, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] The assigned judge transferred the action to the Jacksonville Division on July 13, 2020. Doc. 3. Gibson proceeds on a Second Amended Petition (Doc. 19) with attachments (Doc. 19-1), filed on January 18, 2021. In the Second Amended Petition, Gibson challenges a 2011 state court

---

[1] The Florida Department of Corrections' website shows Gibson was released from FDOC custody on January 18, 2023. See Offender Search, Florida Department of Corrections, (last updated January 18, 2023).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

(Duval County, Florida) judgment of conviction for battery and robbery. He raises one ground for relief. See Second Amended Petition at 5-6. Respondents have submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Motion to Dismiss as Untimely Filed (Response; Doc. 23). They also submitted exhibits. See Docs. 23-1 through 23-14. Gibson filed a brief in reply. See Reply (Doc. 25). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Gibson has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 6. The following procedural history is relevant to the one-year limitations issue. On August 22, 2011, the State of Florida charged Gibson by amended information with aggravated battery with a deadly weapon (count one) and robbery (count two). Doc. 23-3. Gibson proceed to a trial, and, on August 24, 2011, a jury found him guilty of battery, a lesser included offense of count one, and count two.

3

Doc. 23-4 at 3-4. On November 18, 2011, the circuit court sentenced Gibson to a one-year term of imprisonment as to count one and a concurrent fifteen-year term of imprisonment as to count two. Id. at 7-8. The circuit court also adjudicated Gibson to be a habitual felony offender as to count two. Id. at 9. On September 27, 2012, the First District Court of Appeal (First DCA) per curiam affirmed Gibson's convictions and sentences without a written opinion, Doc. 23-10 at 2, and on October 23, 2012, issued the mandate, id. at 4.

As Gibson's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Gibson's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Gibson to file a petition for writ of certiorari expired on Wednesday, December 26, 2012 (ninety days after September 27, 2012). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam

4

decision). Accordingly, Gibson had until December 26, 2013, to file a federal habeas petition. He did not file his Petition until July 6, 2020. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Gibson immediately tolled the one-year limitations period when he filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on October 3, 2012, within the ninety-day window to seek certiorari review of his direct appeal with the United States Supreme Court. Doc. 23-12 at 18-30. Thereafter, he filed numerous amended Rule 3.850 Motions until the postconviction court denied relief on July 31, 2017. Id. at 200-07. On November 9, 2017, the First DCA dismissed as untimely his appeal of the postconviction court's order. Doc. 23-14. The one-year limitations period began to run the next day, November 10, 2017, and ran for 367 days until it expired on November 12, 2018.[3] Gibson did not file his Petition until July 6, 2020. Given the record, the Petition is untimely filed and due to be dismissed

---

[3] The one-year limitations period ended on Saturday, November 10, 2018; therefore, the period continued to run until Monday, November 12, 2018. See Fed. R. Civ. P. 6(a)(1)(C).

unless he can establish that equitable tolling of the statute of limitations is warranted.[4]

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Gibson to make a showing of extraordinary circumstances that "are both beyond his control and

---

[4] Gibson also filed motions to reduce his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) on December 11, 2018, and January 28, 2019. Doc. 23-5 at 2-9. However, as he filed the motions after the statute of limitations had expired, they did not toll the limitations period. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that postconviction motions filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a deadline has expired, there is nothing left to toll").

unavoidable even with diligence," and this high hurdle will not be easily surmounted. <u>Howell v. Crosby</u>, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Gibson does not appear to argue that he is entitled to equitable tolling. Instead, in his Reply, he presents without explanation a series of grievances from 2021 related to a prison official's alleged attack on him. <u>See</u> Doc. 25-1. Because the grievances concern events that occurred after Gibson filed his Petition on July 6, 2020, he does not demonstrate that extraordinary circumstances prevented him from timely filing for federal habeas relief. As such, Gibson has failed to meet his burden for establishing entitlement to equitable tolling. For the foregoing reasons, the Court finds that Gibson's Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Gibson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make

this substantial showing, Gibson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      Respondents' request to dismiss (Doc. 23) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.      If Gibson appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.      The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of March, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

9

Jax-9 3/6
C:      Ernest Reddick Gibson, Jr., #281824
         Counsel of record

10